IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |  |
|---|---|---|
| LE COMMODITIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 23-00220 |
| UNITED STATES, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

Upon consideration of defendants' consent motion for voluntary remand for reconsideration of the exclusion request at issue in this case, it is hereby

ORDERED that the motion is granted, and that this matter is remanded to the Department of Commerce for reconsideration of exclusion request no. 343536; and it is further

ORDERED that Commerce shall have 90 days from the date of this order to file remand results with the Court; and it is further

ORDERED the parties shall file a joint status report stating how the parties believe this matter should proceed, and, if necessary, a proposed scheduling order (including for filing the administrative record on remand), no later than 14 days after Commerce files the remand results.

_____
JUDGE

Dated: _____, 2024
         New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE

| | | |
|---|---|---|
| LE COMMODITIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 23-00220 |
| UNITED STATES, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' CONSENT MOTION FOR VOLUNTARY REMAND

Defendants, collectively the United States, respectfully request that the Court stay the current deadlines in this case and remand this action to the Department of Commerce.  The agency wishes to reconsider its final decisions denying exclusion request no. 343536 of LE Commodities, LLC, as to the President's decision to restrict imports under Section 232 of the Trade Expansion Act of 1962, as amended, 19 U.S.C. § 1862 (Section 232).  If this motion is granted, Commerce intends to reconsider LE Commodities' exclusion request and, where necessary, provide additional explanation for its decision.  Commerce will issue a new decision either:  (1) granting the request and excluding the product from the scope of the Section 232 measure on steel imports; or (2) denying the request.  On May 10, 2024, counsel for defendant consulted with Erik Smithweiss, counsel for LE Commodities, who represents that the plaintiff consents to this motion.

## BACKGROUND

Pursuant to authority granted to the President under Section 232, Proclamation 9705 established a 25 percent tariff on imports of most steel products.  *Adjusting Imports of Steel Into*

*the United States, Proclamation No. 9705 of March 8, 2018*, 83 Fed. Reg. 11,625 (Mar. 15, 2018).  In implementing the steel tariff, the President "authorized [Commerce] to provide relief from the additional duties set forth in clause 2 of this proclamation for any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality" "and []also []to provide such relief based upon specific national security considerations." *Proclamation No. 9705*, 83 Fed. Reg. at 11,627.

This case involves an exclusion request concerning cold drawn stainless steel bar.  *See* Compl. ¶ 6.  A domestic objector, Electralloy, Inc., objected to LE Commodities' exclusion request.  *Id*. ¶ 7.  Commerce denied the request, finding that the domestic industry was capable of timely providing sufficient quality and quantities of products for which LE Commodities sought exclusions.

LE Commodities alleges that, in denying the requests, Commerce failed to "provide a sufficiently reasoned basis for each of its decisions" and did not consider the record evidence.  Compl. ¶¶ 8, 45, 50.  In particular, LE Commodities alleges that Commerce erroneously credited Electralloy's certification that it produced merchandise of the same size contained in the request and that the agency miscalculated import delivery times.  *Id*. ¶ 50.

Based on its review of the record, Commerce has determined that it is appropriate and in the interest of judicial efficiency and economy to reconsider its denials.  In assessing the correctness of its original decision, the agency will engage in a new review of the record—consisting of the original exclusion requests, the parties' original objections, rebuttals and sur-rebuttals, and any other information that the decision-maker considers.  In doing so, Commerce intends to reassess its decision, ensure that its decision addresses all record evidence (including

evidence that detracts from its conclusion, if any), and provide additional reasoning, as

appropriate, based on Commerce's reconsidered decision.

## ARGUMENT

Remanding this matter is appropriate.  Voluntary remand is consistent with the principle

that "[a]dministrative agencies have an inherent authority to reconsider their own decisions,

since the power to decide in the first instance carries with it the power to reconsider." *Trujillo v.

General Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980) (citing *Albertson v. FCC*, 182 F.2d 397,

399 (D.C. Cir. 1950)).  "When an agency action is reviewed by the courts, . . . the agency may

request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v.

United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).  Indeed, under the circumstances here,

which involve weighing competing interests and evidence from disparate sources, "a remand to

the agency is required, absent the most unusual circumstances verging on bad faith."  *Id.* at 1029-

30 (reversing trial court's decision to deny remand); *see also Citizens Against Pellissippi

Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that district court

abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects

asserted by plaintiffs challenging federal action").

Remand is "usually appropriate" if "the agency's concern is substantial and legitimate."

*SKF*, 254 F.3d at 1029.  Commerce's concerns are substantial and legitimate when: (1)

"Commerce provided a compelling justification for its remand request," (2) "the need for finality

– although an important consideration – does not outweigh the justification for voluntary remand

presented by Commerce," and (3) the "scope of Commerce's remand request is appropriate."

*Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 412 F. Supp. 2d

1330, 1336-39 (Ct. Int'l Trade 2005); *see also Changzhou Hawd Flooring Co., Ltd. v. United*

*States*, 6 F. Supp. 3d 1358, 1361 (Ct. Int'l Trade 2014) (indicating that Court "will deny a request that is 'frivolous or in bad faith'" (quoting *SKF*, 254 F.3d at 1029)).

Our request in this case meets that standard.  First, we seek a voluntary remand for Commerce to reassess its decision and to ensure that it appropriately addresses the record evidence.  This constitutes a compelling justification.  *Cf. Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013) ("Clarifying and correcting a potentially inaccurate determination is a compelling justification.") (citation omitted).  Second, Commerce's justification is not outweighed by the need for finality.  *See id.*  Indeed, LE Commodities challenges Commerce's denial of its exclusion request.  *See* Compl. ¶ 27; Prayer for Relief.  On remand, Commerce could grant the relief that LE Commodities seeks.[1]

Thus, "remanding for reconsideration now essentially expedites relief that [the plaintiff] seeks and may obviate the necessity for remand (or, perhaps, any proceedings) later."  *Borusan Mannesmann Pipe U.S. Inc. v. United States*, No. 20-00012, 2020 WL 3470104, at *4 (June 25, 2020).  Should Commerce grant the requests on remand, the one-year exclusion will be retroactive to the date LE Commodities' request for exclusion was accepted by Commerce.  *See Proclamation 9777 of August 29, 2018, Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 45,025, 45,026, cl. 5 (Sept. 4, 2018).  Third, the scope of the request is appropriate to the issues that have been raised.  Commerce intends to reconsider all aspects of the exclusion request

---

[1]  In *AM/NS Calvert LLC v. United States*, Slip op. 23-129 (Sept. 6, 2023), the Court placed a condition on its grant of Commerce's request for voluntary remand: should Commerce grant an exclusion request on remand, Commerce is directed to request that Customs & Border Protection honor the exclusion for any covered entries that were not finally liquidated by the fifth business day following Commerce's denial of any given exclusion.  *Id*. at p. 43-44 & n.29. Based on our best understanding of the facts at this time (in consultation with LE Commodities' counsel), there are no finally liquidated entries potentially at issue.  The United States intends, should Commerce grant an exclusion on remand, to act within the spirit of the Court's direction in *AM/NS Calvert*, to ensure that any relief granted is meaningful.

record and decision.  Notably, the Court granted motions for voluntary remand in other Section

232 exclusion cases for largely the same reasons.  *See Maple Leaf Marketing, Inc. v. United*

*States*, No. 20-00125 (Ct. Int'l Trade), ECF No. 34.

In sum, a remand will foster the just, speedy, and inexpensive resolution of this case.

USCIT R. 1.  Remand will also conserve judicial resources on a matter that may well be mooted

or resolved by the agency action in this matter.  Commerce's request is thus substantial and

legitimate, and the Court should grant it.

If the Court were to deny our motion, we respectfully request that the Court provide 30

days from the date of denial for the plaintiff to file its initial brief in this matter.

### CONCLUSION

For these reasons, we respectfully request that the Court remand this case to Commerce

consistent with our proposed order.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ TARA K. HOGAN
Assistant Director

/s/ STEPHEN C. TOSINI
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-5196
E-mail: stephen.tosini@usdoj.gov

May 10, 2024                                                    Attorneys for Defendants